IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ALTOMARE,<br>  Plaintiff,<br>    v.<br><br>CAROLYN COLVIN, Acting Commissioner<br>of the Social Security Administration,<br>  Defendant. | :<br>:<br>:   CIVIL ACTION NO. 13-7297<br>:<br>:<br>:<br>:<br>: |

MEMORANDUM OPINION

**RUFE, J.**                                **August 31, 2015**

Plaintiff Robert Altomare brings this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration, Carolyn W. Colvin ("Commissioner"), who denied his application for Supplemental Security Benefits ("SSI") under Title XVI of the Social Security Act. Defendant argues that the determination of the Administrative Law Judge ("ALJ") was supported by substantial evidence and should be upheld. This Court referred the matter to Chief Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation ("R & R").[1] In an R & R submitted on April 17, 2015, Magistrate Judge Wells recommended that Plaintiff's Request for Review be denied and Judgment be entered in favor of Defendant and against Plaintiff. Plaintiff timely filed objections, all of which addressed findings regarding Plaintiff's physical conditions and exertional limitations. The Court will overrule the objections Plaintiff raised, as the Court finds the R & R persuasive on the issues raised in the objections. However, the Court does not approve and adopt

---

[1] See Local Rule of Civil Procedure 72.1.I(a); 28 U.S.C. § 636(b)(1)(B).

the R & R in full, and will remand the case for further agency proceedings, for the reasons set forth herein.

I.     Background

On August 19, 2010, Plaintiff applied for SSI benefits, alleging disability since August 2007, based upon depression, residual sympathetic dystrophy, diverticulitis, hernia, arthritis, high cholesterol, and knee and back injuries and pain. A hearing was held before an ALJ on October 4, 2011. On December 7, 2011, the ALJ issued a written opinion, denying Plaintiff's claim for benefits.

The ALJ found that Plaintiff was severely impaired by degenerative disc disease of the lumbar spine and cervical spine, history of right knee injury with pain, and reflex sympathetic dystrophy at Step 2 of the sequential evaluation process, but found that these impairments did not meet or equal a listing at Step 3.[2] The ALJ found that Plaintiff's depression did not constitute a severe impairment at Step 2, but in so doing, applied the listing criteria from Step 3. The ALJ then found that Plaintiff has the residual functional capacity to perform a subset of light work, as

---

[2] In order to qualify for benefits, a person must be found to have a disability, defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). An ALJ reviewing an application for disability benefits must employ the five-step process established in the Social Security Regulations ("the Regulations") to determine whether a disability exists. *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000); 20 C.F.R. §§ 404.1520. At step one, the ALJ must determine whether the applicant is engaged in "substantial gainful activity;" if she is, the claim is denied.  If the applicant is not engaged in substantial gainful activity, the ALJ must determine at step two whether the applicant suffers from a severe, medically determinable impairment which significantly limits her ability to work.  If the applicant has such an impairment, the ALJ must determine at step three whether the impairment found meets the criteria for any of the impairments conclusively presumed to be disabilities, which are listed in Part 404, Subpart P, Appendix 1 ("the Listings"), or has an equivalently debilitating medical condition.  If the applicant has a severe impairment that does not meet or equal an impairment in the Listings, the ALJ must determine at step four whether the applicant has the Residual Functioning Capacity ("RFC") to perform her former relevant work.  If the applicant does not have the RFC to perform her previous work, the Commissioner must establish at step five that the applicant has the RFC to perform other work that exists in the national economy, considering her age, education and work experience.  At this fifth step, if the Commissioner cannot demonstrate that the applicant has the RFC to perform other existing work, the ALJ must find the applicant to be disabled.

defined in 20 CFR 416.967(b), but could not perform his past relevant work. Given Plaintiff's age (closely approaching advanced age), educational background (9th grade), work experience (unskilled), literacy level (minimal), and exertional limitations (light work with some additional limitations), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and denied his claim for benefits.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. The Plaintiff then appealed to this Court, which referred the case to Magistrate Judge Wells for an R & R.

## II. Standard of Review

The agency's legal conclusions are subject to *de novo* review.[3] However, the agency's findings of fact will not be disturbed if they are supported by substantial evidence.[4] The Court will generally defer to the ALJ's findings, and affirm the ALJ's findings of fact if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,"[5] even if the Court, acting *de novo*, would have reached a different conclusion than the ALJ.[6]

When reviewing a magistrate judge's R & R regarding an ALJ's decision, the Court conducts a *de novo* review of any portion of the R & R to which a proper objection was made.[7] However, when no objection is made to an R & R or some a portion of an R & R, the court may

---

[3] *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).

[4] *Id.*

[5] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[6] *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).

[7] Fed. R. Civ. P. 72(b).

accept the report and recommendation if the court is satisfied that there is no clear error on the face of the record.[8]

### III.  Discussion

#### A.  *Exertional Limitations*

The R & R concluded that the following findings by the ALJ were supported by substantial evidence: 1) that Plaintiff's right knee impairment did not meet or equal the requirements of Listed Impairment 1.02; and 2) that Plaintiff was capable of performing a subset of "light" occupations despite his exertional limitations. In so doing, the R & R addressed Plaintiff's contention that the ALJ improperly assessed his RFC, failed to address the opinions of two treating physicians, and mischaracterized the opinions of a third treating physician. The R & R also concluded that the ALJ did not err in failing to apply Medical Vocational Rule 201.09, upon finding that Plaintiff was capable of a number of light occupations.[9] Finally, the R & R found that the ALJ's credibility determinations were supported by substantial record evidence.

In his Objections, Plaintiff argued that the R & R erred in concluding: 1) that the ALJ's finding that Plaintiff can engage in light duty work was supported by substantial evidence regarding his residual functional capacity; 2) that the ALJ adequately considered the medical evidence from Plaintiff's treating physicians; 3) that the ALJ's findings regarding Plaintiff's credibility were supported by substantial record evidence. The Court overrules Plaintiff's Objections to the R & R, for the reasons set forth in the R & R.

---

[8] Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Edition.

[9] As the R & R correctly notes, Medical Vocational Rule 201.09 applies to claimants limited to sedentary work.

### B.     *Non-Exertional Limitations*

The R & R also concluded that the ALJ's findings regarding Plaintiff's mental illness and non-exertional limitations were supported by substantial evidence. The R & R reasoned that "the ALJ did not reversibly err by finding that Plaintiff's depression was not severe, because, inasmuch as the ALJ found that Plaintiff had other severe impairments, she continued her analysis beyond the second step of the sequential evaluation process. . . Further, the ALJ stated that she was including any limitations from Plaintiff's non-severe depression in her assessment of Plaintiff's RFC."[10] Although Plaintiff did not pose an objection on this issue, upon this Court's careful, independent review of the record, the Court finds that the ALJ applied the wrong standard in ruling that Plaintiff's mental illness was not severe at Step 2, and that this clear error was not remedied at a later point in the sequential evaluation process.

First, the Court finds legal error in the ALJ's conclusion that Plaintiff's depression was not severe at Step 2. At Step 2 of the sequential evaluation process, an impairment is considered "not severe" only if it is "a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities."[11] The ALJ's opinion improperly applied the "Listing of Impairments" criteria[12] in determining whether Plaintiff's depression was severe. The Listing of Impairments is properly consulted at Step 3, to determine whether the claimed impairments are *sufficiently severe* to meet (or equal) the criteria set forth in the appropriate Listing. It is not a proper basis for a finding of not-disabled at Step 2. Thus, in finding Plaintiff's mental health conditions were "not severe" at Step 2, the ALJ applied the wrong legal standard.

---

[10] R & R at 8.

[11] 20 C.F.R. § 404.1521; Social Security Rulings 85-28 and 96-3p.

[12] 20 CFR Part 404, Subpart P, App'x 1, Listing 12.00C.

Second, the Court does not agree with the R & R's conclusion that the ALJ's RFC assessment properly considered any non-exertional limitations from Plaintiff's depression. Although the ALJ noted that Plaintiff had received treatment for depression for two years beginning in 2001, treatment for anger management from 2001-2005, and a five-day inpatient hospitalization with a diagnosis of major depression, recurrent, with psychotic symptoms in 2011,[13] the ALJ's discussion of his RFC included no discussion of the substance of Plaintiff's psychological records or documented symptoms.[14] Thus, Court cannot agree with the R & R's conclusion that "the ALJ properly considered the combined effects of all of Plaintiff's impairments, including his non-severe depression."[15] Because the Court has determined that the ALJ's ruling as to the severity of Plaintiff's depression and the ALJ's failure to evaluate whether Plaintiff's psychiatric records documented any functional limitations associated with his mental illness constitute clear error, the Court will not approve and adopt the R & R with regard to these issues.

## IV.  Conclusion

Upon exercising its independent review of the record, the Court has determined that the ALJ applied an incorrect legal standard in finding that Plaintiff's depression was not severe at Step 2, and that this error was not remedied by her assessment of Plaintiff's functional

---

[13] Other medical records indicate that depression was an ongoing issue for Plaintiff. For example, a medical record dated 5/29/2009 lists depression on Mr. Altomare's "Chronic Problem List." R. at 283.

[14] The psychiatric assessment conducted at First Hospital Wyoming Valley documented Plaintiff's mental health treatment, noting a two month period of increased anxiety and depression, and noting the presence of serious symptoms for the preceding twenty years. He was discharged to outpatient treatment in a partial hospitalization program, after a five day inpatient stay, with a prescription for Seroquel to treat hallucinations, preoccupations, anxiety, and decreased sleep. The assessment and discharge summary from Plaintiff's inpatient hospitalization are the only substantive mental health records which are part of the record. R. at 388-395. A state agency psychologist completed a Psychiatric Review form, checking the box for "no medically determinable mental impairment," but he did not personally assess Plaintiff and apparently did not review any of Plaintiff's mental health treatment records before forming his opinion. R. at 309-21.

[15] R & R at 9.

limitations later in the sequential evaluation process. Therefore, the Court will remand the case for further consideration of whether Plaintiff's mental illness is severe and whether he suffers any non-exertional limitations on his ability to work.

    An appropriate Order follows.